UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SRVM, INC. ) C.A. NO.
)
Plaintiff )
)
v. )
)
INTERNATIONAL COMMODITY MANAGEMENT, INC.; )
GLOBAL MARINE MANAGEMENT, INC.; PACIFIC RIM ) MAGISTRATE JUDGE _____
CORPORATION; PACIFIC SUPREME SEAFOODS, LLC; )
BORIS ALKHAZOF, individually; TROND RINGSTAD, )
individually; and FRANK NELSON, individually )
)
Defendants )

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

**COMPLAINT**

**NATURE OF THIS ACTION**

1. This is an action for wrongful interference with contract and/or advantageous business relations and for civil conspiracy and use of unfair methods of competition in violation of Massachusetts General Laws, Chapter 93A.

**PARTIES**

2. SRVM, Inc. is a Massachusetts corporation, with principal place of business at P.O. Box 397, Chatham, MA 02633.

3. International Commodity Management, Inc. is a State of Washington corporation, with its principal place of business at 1200 112th Avenue, NE #C-220, Bellevue, WA 98004.

4. Global Marine Management, Inc. is a State of Washington corporation, with its principal place of business at 1200 112th Avenue, NE #C-220, Bellevue, WA 98004.

5. Pacific Rim Corporation is a State of Washington corporation, with its principal place of business at 1200 112th Avenue, NE #C-220, Bellevue, WA 98004.

6. Pacific Supreme Seafoods, LLC is a State of Washington limited liability company, with its principal place of business at 1900 W. Nickerson Street, # 203, Seattle, WA 98119.

7. Boris Alkhazof is a resident of Washington.

8. Trond Ringstad is a resident of Washington.

9. Frank Nelson is a resident of Washington.

## JURISDICTION

10. The parties are of diverse citizenship and the amount in controversy exceeds $ 75,000.

11. This Court has jurisdiction under 28 U.S.C. §§ 1332 and 1367.

12. This Court has jurisdiction over defendants pursuant to the long-arm jurisdiction of the Commonwealth of Massachusetts.

## FACTS COMMON TO ALL COUNTS

13. SRVM, Inc. is a Massachusetts company that buys, sells, and markets scallops around the world.

14. SRVM buys most of its scallops from two Russian producers (hereinafter, the "Russian producers") through their agent in Korea (hereinafter, "the Agent").

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

15. SRVM has historically had good business relations with the Russian producers. In every year from the mid-1990's to 2004, SRVM purchased large quantities of the Russian producers' scallops through their Agent, and then marketed and resold them around the world, deriving substantial profits from this business.

16. Each year, SRVM entered into written agreements with the Russian producers for purchase of their scallops. Those agreements were executed by SRVM's President Thomas R. Reilly and by the Russian producers' respective designated representatives.

17. By these agreements with the Russian producers, SRVM was able to purchase its scallops every year on terms favorable to it. As a result, SRVM was able to make long-term commitments for supply of scallops to its clients and develop advantageous long-term business relations with such clients.

18. Until 2004, the Russian producers honored their contracts with SRVM. As a result, SRVM was able to perform its contacts with its clients, thereby developing significant good will and a favorable reputation with its clients.

19. In 2004, SRVM entered into a written agreement with the Russian producers, through their Agent, for purchase of the Russian producers' entire scallop production for the year 2004, which at the time was estimated to be approximately 300 metric tons (MT), more or less. The 2004 arrangement and contract were to begin in January 2004 and continue beyond the first of the year 2005, which is standard practice in the scalloping industry.

20. On the basis of its 2004 agreement with the Russian producers, SRVM entered into agreements with third party customers around the world, requiring SRVM to supply its clients in 2004 and the beginning of 2005.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

21. From January 2004 to present, the Russian producers have sold approximately 100 MT of scallops to SRVM under the parties' agreement, which has resulted in $ 100,000 profit to SRVM.

22. In early September 2004, the Agent informed SRVM's President that one of the Russian producers had made a decision to not sell its remaining scallop production for 2004 to SRVM.

23. Since then, the second Russian producer, the majority of which shares is owned by the same individuals who own the first producer, has made a similar decision to not sell its remaining scallop production for the year 2004 to SRVM.

24. Scallops produced by the Russian producers comprise approximately 85 – 90 % of all scallops purchased by SRVM.

25. As a result of the Russian producers' unjustified repudiation of their contract, SRVM stands to lose 85 – 90 % of its projected scallops' supply for the remainder of this year; and it is now at risk of not being able to fulfill its obligations to its customers and defaulting on contracts with its clients.

26. The remaining scallop production by the Russian producers for the rest of 2004 is estimated at 250 MT – 300 MT. With the existing favorable market conditions, SRVM's estimated lost profits from being unable to resell the Russian producers' scallops to its clients are $ 400,000 – $ 500,000.

27. The most recent shipment of scallops by the Russian producers to Pusan, Korea, was made in September 2004. The Russian producers refused to sell their scallops to SRVM, and 56 MT of their scallops went into cold storage. On information and belief, those scallops are now in Pusan.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

28. The next shipment of the Russian producers' scallops to Korea is expected by the end of October 2004. On information and belief, the quantity of scallops in the next shipment is 70 MT.

### The Facts On West Coast Parties' Interference

29. On information and belief, the Russian producers repudiated their contract with SRVM in order to sell their scallops to another buyer in the United States: defendant Boris Alkhazof.

30. Boris Alkhazof owns several businesses in Bellevue, Washington, dealing in seafood products, including: International Commodity Management, Inc. (hereinafter, "ICM"), Global Marine Management, Inc. (hereinafter, "GMM"), and Pacific Rim Corporation (hereinafter, "PRC") (hereinafter collectively referred to as "Mr. Alkhazof's companies").

31. Mr. Alkhazof has been involved in international seafood trade for over 16 years. He knows the Russian producers and has had dealings with them in the past.

32. Through earlier business dealings with the Russian producers, Mr. Alkhazof became indebted to the Russian producers and/or their owners in the amount of approximately $ 600,000, which monies he continues to owe.

33. On information and belief, Mr. Alkhazof unlawfully contacted the Russian producers in the winter or spring of 2004, requesting that they sell their scallops to him through one or more of his companies.

34. As an incentive to make this deal, Mr. Alkhazof promised the Russian producers to repay his $ 600,000 debt to them in incremental payments, connected to each shipment of

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

the Russian producers' scallops, with the entire debt to be repaid by the end of 2005 if they sold their 2004 and 2005 scallop production to him.

35. At the time he contacted the Russian producers, Mr. Alkhazof knew that the Russian producers had an exclusive agreement for their scallops with SRVM.

36. The Russian producers have now repudiated their 2004 contract with SRVM.

37. On information and belief, Mr. Alkhazof has contacted several seafood brokers for the purpose of reselling the Russian producers' scallops to them and has requested advance payments for the scallops, including defendants Trond Ringstad and Frank Nelson.

38. Mr. Ringstad is the Vice-President for Sales in North America for a Norwegian / Chinese company Royal Supreme Seafood, which operates in the United States as defendant Pacific Supreme Seafoods, LLC.

39. Mr. Nelson is a seafood broker, who works for Mr. Ringstad at Pacific Supreme. Before his employment at Pacific Supreme, Mr. Nelson worked as a seafood broker with Mr. Alkhazof.

40. On information and belief, Mr. Alkhazof contacted Mr. Nelson and Mr. Ringstad soon after negotiating his deal with the Russian producers and offered to sell their scallops to Pacific Supreme.

41. At the time Mr. Alkhazof contacted them, both Mr. Nelson and Mr. Ringstad knew that the scallops offered by Mr. Alkhazof would come from the Russian producers which had an exclusive agreement for those scallops with SRVM.

42. On information and belief, Mr. Nelson and Mr. Ringstad agreed to purchase the Russian producers' scallops from Mr. Alkhazof through Pacific Supreme. They subsequently

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

contacted several seafood companies in the United States for the purpose of making contracts to resell the scallops to them.

43. On information and belief, the Russian producers' 56 MT of scallops stored in Pusan, Korea, have been sold to Mr. Alkhazof, who has since resold them to Pacific Supreme. Those scallops are being prepared to be shipped within days.

44. All named defendants maintain business contacts and do substantial business in the Commonwealth of Massachusetts.

45. In the last few years, Mr. Alkhazof, acting through ICM, sold seafood products to Mr. Reilly in Massachusetts in the amount of several million U.S. dollars.

46. Mr. Alkhazof and his companies also conduct business with other companies in Massachusetts. Mr. Alkhazof has conducted business with Seatrade International Co., Inc., a New Hampshire company registered to do business in Massachusetts. Mr. Alkhazof has also sold large quantities of fish to M.I.S.B., Inc., a Massachusetts corporation.

47. On information and belief, Mr. Nelson and Mr. Ringstad recently contacted several Massachusetts seafood companies for the purpose of soliciting them to buy scallops from Pacific Supreme (the same scallops that they purchased from Mr. Alkhazof), including: Eastern Fisheries, Inc., Northern Wind, Inc., and Mar-Lees Seafood.

48. All individual defendants have had a continuous presence at the annual Boston International Seafood Show, seeking new business connections in the industry.

## COUNT I

### WRONGFUL INTERFERENCE WITH ADVANTAGEOUS CONTRACTUAL RELATIONS

49. Plaintiff repeats and realleges paragraphs 1 through 48 as if set forth herein.

50. Plaintiff had an exclusive contract with the Russian producers for purchase of the Russian producers' entire scallop production for the year 2004.

51. Defendants had knowledge that plaintiff had an exclusive agreement with the Russian producers.

52. Defendants, with the improper motive of securing for themselves the fruits of advantageous contractual relations with the Russian producers, induced the Russian producers to break their contract with plaintiff.

53. As a result of defendants' conduct, plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, but in no event less than $ 75,000.

## COUNT II

### CIVIL CONSPIRACY TO WRONGFULLY INTERFERE WITH ADVANTAGEOUS CONTRACTUAL RELATIONS

54. Plaintiff repeats and realleges paragraphs 1 through 53 as if set forth herein.

55. Plaintiff had an exclusive contract with the Russian producers for purchase of the Russian producers' entire scallop production for the year 2004.

56. Defendants had knowledge that plaintiff had an exclusive agreement with the Russian producers.

57. Defendants engaged in a common plan to induce the Russian producers to break their exclusivity contract with plaintiff, in violation of their contractual duty to plaintiff.

58. Defendants knew of the plan and its purpose of inducing the Russian producers to break their contract with plaintiff.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

59. Defendants took affirmative steps to encourage the achievement of the result of their common plan.

60. As a result of defendants' conduct, plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, but in no event less than $ 75,000.

## COUNT III

### UNFAIR METHODS OF COMPETITION IN VIOLATION OF MASSACHUSETTS GENERAL LAWS, CHAPTER 93A

61. Plaintiff repeats and realleges paragraphs 1 through 60 as if set forth herein.

62. Plaintiff had an exclusive contract with the Russian producers for purchase of the Russian producers' entire scallop production for the year 2004.

63. Defendants had knowledge that plaintiff had an exclusive agreement with the Russian producers.

64. Defendants engaged in a common plan to induce the Russian producers to break their exclusivity contract with plaintiff, with the improper motive of securing for themselves the fruits of advantageous contractual relations with the Russian producers.

65. Defendants took affirmative steps to encourage the achievement of the result of their common plan.

66. At all times relevant, plaintiff and defendants were engaged in conduct of trade or commerce.

67. Defendants acted unfairly and/or deceptively in inducing the Russian producers to break their exclusivity agreement with plaintiff.

68. Defendants' acts were willful and knowing.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

69. Defendants' acts constituted an unfair method of competition, in violation of M.G.L. c. 93A, §§ 2 and 11.

70. Defendants' acts have caused and continue to cause plaintiff to suffer substantial financial damages in an amount to be proven at trial, but in no event less than $ 75,000.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury of all isues so triable.

**WHEREFORE**, Plaintiff requests the following relief:

1. Judgment for SRVM, Inc. against defendants on all counts of this complaint;
2. Compensatory and consequential damages on all counts;
3. Multiple damages, pursuant to M.G.L. c. 93A;
4. Litigation costs and attorney's fees;
5. Interest; and
6. Such other relief as the Court may deem just and proper.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

Respectfully Submitted,

Plaintiff, SRVM, INC.,

By Its Attorneys,
BEAUREGARD, BURKE & FRANCO

*/s/ Timour Zoubaidoulline*

PHILIP N. BEAUREGARD, BBO # 034870
TIMOUR ZOUBAIDOULLINE, BBO # 656212
32 William Street, New Bedford, MA 02740
Tel. No.: 508-993-0333

Dated: October 25, 2004